IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAVIER MARTINEZ RESENDIZ, A# 087 741 509, | § § § | |
| *Petitioner*, | § § § | |
| V. | § § | CIVIL CASE NO. SA-26-CV-03270-FB |
| MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; *et al.*, | § § § § | |
| *Respondents*. | § § | |

## <u>ORDER GRANTING WRIT OF HABEAS CORPUS</u>

Before the Court are Petitioner Javier Martinez Resendiz's ("Petitioner") Emergency Petition

for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1) and the Federal

Respondents' ("Respondents") response (ECF No. 3). The relevant facts are undisputed and the Court

grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations

omitted).

### BACKGROUND

Petitioner is currently detained in the South Texas Immigration Processing Center in Pearsall,

Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is unlawful

and asks the Court to order Petitioner's release or a bond hearing.

Petitioner entered the United States in 2003. Immigration and Customs Enforcement

apprehended and detained Petitioner on May 10, 2026.

### DISCUSSION

Respondents acknowledge prior rulings concerning similar challenges to the government policy

or practice at issue in this case, and the common question of law between this case and those rulings,

would control the result in this case should this Court follow its legal reasoning in its prior decisions.

While Respondents disagree with those decisions, the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in the identified decisions.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Emergency Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Javier Martinez Resendiz from custody, under reasonable conditions of supervision, to a public place no later than **June 2, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **June 3 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 28th day of May, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE